IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| COLUMBIA MUTUAL INSURANCE COMPANY | PLAINTIFFS |
| vs. | Civil Action No. 1:24CV73-GHD-DAS |
| 5566 FURNISHINGS, LLC; AF, LLC; BENJAMIN C. MOODY; and MERCHANTS ESOLUTIONS, INC. | DEFENDANTS |

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the Plaintiff's motion for default judgment against the Defendants 5566 Furnishings, LLC; AF, LLC; and Benjamin C. Moody [11]. Upon due consideration, the Court finds that the motion should be granted.

On April 18, 2024, the Plaintiff filed a complaint against the Defendants, seeking a declaratory judgment regarding businessowners insurance coverage. [1] The Defendant 5566 Furnishings, LLC was served with process on May 9, 2024, but has failed to plead or otherwise defend this action [4]; the Defendant AF, LLC was served with process on May 9, 2024, and has failed to plead or otherwise defend this action [5]; and the Defendant Benjamin C. Moody was served with process on May 9, 2024, and has failed to plead or otherwise defend this action [7]. Accordingly, upon motion by the Plaintiff, the Clerk of Court made an Entry of Default on June 21, 2024 [10] against those three Defendants. The Plaintiff has now filed the present motion seeking to have the Court enter a default judgment in its favor as to these three Defendants [11], to which the Defendants have failed to respond.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment."

*Chevron Intell. Prop., L.L.C. v. Mashiana,* No. 4:10–CV–352, 2011 WL 2637372, at \*1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)). The Plaintiff has satisfied these requirements in relation to these three Defendants.

Because the Defendants have failed to timely answer or otherwise plead in the instant litigation, the well-pleaded allegations in the Complaint are taken as admitted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alply Architectural Bldg. Sys., LLC,* No. 4:11–CV–79–CWR–LRA, 2012 WL 73235, at \*4 (S.D. Miss. Jan. 10, 2012) (citation omitted). The Court shall therefore grant the Plaintiff's motion for default judgment in this matter.

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment [11] is GRANTED. It is further ORDERED that:

(1) the Court issues a DECLARATION that no coverage exists under the terms of the Columbia Policy numbered BUSINESSOWNERS PHN BO CD 09 20 ("the Columbia Policy") for the claims asserted by Merchants eSolutions in the Complaint filed by Merchants eSolutions in the state court of Fulton County, Georgia, Civil Action No. 24-EV-001320 ("the Complaint");

(2) the Court issues a DECLARATION that the Columbia Policy does not obligate Columbia to provide a defense to Defendants AF, LLC, and Benjamin C. Moody with regard to the Complaint; and

(3) the Court issues a DECLARATION that the Columbia Policy does not obligate Columbia to indemnify Defendants 5566 Furnishings, LLC, AF, LLC, and Benjamin C. Moody for any sums or damages awarded to Merchants eSolutions with regard to the Complaint.

SO ORDERED, this, 30th day of September, 2024.

_____
SENIOR U.S. DISTRICT JUDGE